# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Criminal No. 16-10350-RGS |
| JUAN ULFANY MATEO SOTO, | ) |
| | ) |
| Defendant | ) |
| | ) |

## MEMORANDUM AND DECISION ON DEFENDANT'S
## MOTION FOR RECONSIDERATION FOR RELEASE ON BOND

**August 25, 2017**

Hennessy, M.J.

Juan Ulfany Mateo Soto ("Defendant") has filed a motion for reconsideration of release on bond. The government has filed an opposition. For the reasons stated below, the motion is denied.

**Relevant Procedural History**

On December 1, 2016, the grand jury returned an indictment charging Defendant with the commission of narcotics offenses. (Docket No.1). On the same date, the court issued a warrant for Defendant's arrest. (Docket No. 4). Agents arrested Defendant on December 13, 2016 and, at his arraignment on that date, Defendant assented to a voluntary order of detention. (Docket No. 13). Thereafter, Defendant filed a motion in support of release and, on January 23, 2017, the court held a detention hearing at which it received testimony, documents and wiretap evidence, and heard arguments of counsel. (Docket Nos. 54, 55 and 56). According to the court's notes taken during the hearing, Defendant faced up to 20 years' imprisonment. The court denied the motion for release in an oral decision dictated from the bench. (Docket No. 58). On June 16, 2017, Defendant moved for a Rule 11 hearing, which District Judge Stearns ultimately calendared for

July 17, 2017. (Docket Nos. 100 and 115). The Rule 11 hearing did not go forward. On July 12, 2017, the grand jury returned a superseding indictment. (Docket No. 138). Among other amendments, the superseding indictment alleged that Defendant was accountable for five or more kilograms of cocaine and therefore faced a mandatory minimum jail sentence of 10 years and up to life. Id. The Rule 11 hearing was re-calendared for September 26, 2017. (Docket No. 148). On July 31, 2017, Defendant filed the instant motion; on August 7, the United States filed its opposition. (Docket Nos. 165 and 176).

**Discussion**

As the foregoing procedural history shows, the question of Defendant's release was litigated at a full evidentiary hearing. Defendant does not cite this court to any law that would authorize holding a second or subsequent detention hearing, and the court is aware of no such authority. Accordingly, I will treat Defendant's motion for reconsideration for release as an appeal to reopen the detention hearing under Section 3142(f).

In relevant part, 18 U.S.C. §3142(f)(2)(B) provides:

> The [detention] hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

Defendant's motion cites two reasons for granting the relief he seeks, and that I consider in the context of a motion to reopen:

1. A decision of the Massachusetts Supreme Judicial Court that stands for the proposition that Massachusetts law provides no authority for Massachusetts court officers to arrest and hold an individual solely on the basis of a Federal civil immigration detainer beyond the time that individual would otherwise be entitled to release from State Custody; and,

2. On offer to post two pieces of real estate with an appraised value of $800,947 in support of an appearance bond.

See Motion (Docket No. 165) at 1-2.

I find that the first reason, the SJC decision on the absence of law supporting detention by state court officers on the basis of a Federal civil immigration detainer, does not support reopening the detention hearing. It does not have "a material bearing on the issue whether there are conditions of release that will reasonably assure" Defendant's appearance and the safety of the community. Whatever this decision may mean to someone in the custody of the Commonwealth, Defendant was arrested in this case on a federal arrest warrant issued on the basis of the original federal indictment. He was never in state custody on this case and he was never detained on a civil immigration detainer. Although Defendant's argument is undeveloped, I do not see how the decision somehow taints or even implicates the propriety of Defendant's custody in the instant case.

I find the second reason for the relief sought – the availability of real property to post in support of an appearance bond – also fails to warrant reopening the detention hearing. In applying Section 3142(f)'s authorization to reopen, courts have interpreted the language "not known to the movant at the time of the hearing" to include information about which the movant should have known and acted upon. For instance, in United States v. Dillon, 938 F 2d 1412 (1st Cir. 1991), the Court of Appeals affirmed an order denying Dillon's motion to reopen a detention hearing where the alleged new information comprised affidavits and letters attesting to Dillon's character which were authored by persons who attended the original detention hearing. Id. at 1415. It did not matter that the affidavits and letters had not been written at the time of the original hearing; the persons who wrote them could have been called to the stand to prove up Dillon's good character, and Dillon failed to avail himself of that opportunity. Id. Similarly, in United States v. Cartagena-Mederos, 888 F.Supp. 2d 211 (D.P.R. 2012)(Besosa, J.), the district court upheld a

magistrate judge's denial of a motion to reopen where Cartagena had "had sufficient time to prepare witnesses for questioning and [had] failed to ask questions of the witnesses … that should have been raised during the initial hearing." Id. at 213. By contrast, in United States v. Peralta, 849 F.2d 625 (D.C. Cir. 1988), the Court of Appeals found the district court was authorized to reopen the hearing of a defendant released on conditions "when previously nonexistent, material information was brought to light, namely, the court's adverse ruling [against Peralta] at the suppression hearing, which increased the likelihood of Peralta's conviction." Id. at 626-27.

Here, Defendant's motion fails to establish that the property he proposes as security for an appearance bond could not have been proposed to support release at the original detention hearing in January. To say more would be speculation; Defendant has not shown that the properties or the willingness of their owners to post them is previously nonexistent information.

However, even if such information were previously nonexistent, it is only partially material to the question whether posting such property "will reasonably assure the appearance of such person as required and the safety of any other person and the community." At a reopened detention hearing, the court would have to consider also the fact that as a result of the superseding indictment, Defendant now faces a mandatory minimum jail sentence of 10 years -- information, as the court understands the penalties triggered by the original indictment -- that did not exist at the time of the original detention hearing. It would also have to consider the fact that Defendant's Rule 11 hearing is a month away and upon acceptance of Defendant's plea, detention is all but mandatory. See 18 U.S.C. §3143(a)(2). Finally, I would have to consider other information presented at the original detention hearing that bears on whether Defendant is an unacceptable risk of flight, such as his use of aliases and possession of a driver's license which bore Defendant's photograph and the name Vergilio Rios.

In addition, I find that the proposal to post property does not address whether such condition will reasonably assure the safety of any other person and the community. The evidence at the detention hearing established that Defendant arranged to receive cocaine from an accomplice, that agents recovered six kilograms of cocaine from a backpack in the car Defendant was driving, and that following the Defendant's removal from the car and its tow, Defendant orchestrated efforts to recover the drugs (still in the car) and blame a third party. The nature and circumstances of the offense strongly support the presumption in this case that Defendant is a danger to the community. Defendant has not shown how the proposal to post property has a material bearing on, or addresses in any way, the issue of danger to the community.

**Conclusion**

For the foregoing reasons, Defendant's motion is denied.[1]

*/s/ David H. Hennessy*

David H. Hennessy
United States Magistrate Judge

---

[1] To the extent Section 3145 authorizes review and appeal of this Order, Defendant is so advised.