# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Criminal No. 16-10350-RGS |
| JUAN ULFANY MATEO SOTO, ) | |
| ) | |
| Defendant ) | |
| ) | |

## MEMORANDUM AND DECISION ON DEFENDANT'S MOTION FOR BOND PENDING SENTENCING

**November 8, 2017**

Hennessy, M.J.

Juan Ulfany Mateo Soto ("Defendant") has filed a motion styled Renewed Motion for Release on Bond. (Docket No. 211). The government has filed an opposition. (Docket No. 214). For the reasons stated below, the motion is DENIED.

**Relevant Procedural History**

On December 1, 2016, the Grand Jury returned an indictment charging Defendant with the commission of narcotics offenses. (Docket No.1). On the same date, the court issued a warrant for Defendant's arrest. (Docket No. 4). Agents arrested Defendant on December 13, 2016, and Defendant assented to a voluntary order of detention at his arraignment later that day. (Docket No. 13). Thereafter, Defendant filed a motion in support of release and, on January 23, 2017, the Court held a detention hearing at which it received testimony, reviewed documents and wiretap evidence, and heard arguments of counsel. (Docket Nos. 54-56). Defendant faced up to twenty years' imprisonment for the crimes charged. The Court denied the motion for release in an oral decision dictated from the bench. (Docket No. 58). On June 16, 2017, Defendant moved for a

Rule 11 hearing, which District Judge Stearns ultimately calendared for July 17, 2017. (Docket Nos. 100 and 115). The Rule 11 hearing did not take place. On July 12, 2017, the Grand Jury returned a superseding indictment. (Docket No. 138). Among other amendments, the superseding indictment alleged that Defendant was accountable for five or more kilograms of cocaine and therefore faced a mandatory minimum jail sentence of ten years and a maximum sentence of life. Id. The Rule 11 hearing was re-calendared for September 26, 2017. (Docket No. 148). On July 31, 2017, Defendant filed a Motion for Reconsideration for Release on Bail; on August 7, 2017, the United States filed its opposition. (Docket Nos. 165 and 176). The Court treated that motion as a motion to reopen the detention hearing – Defendant not citing the Court to any law authorizing a subsequent detention hearing – and found that Defendant had failed to proffer information that was unknown to Defendant and had a material bearing on the issue of release. See 18 U.S.C. § 3142(f)(2)(B). Accordingly, the motion was denied. (Docket No. 184).

On October 25, 2017, Defendant appeared before District Judge Stearns and pleaded guilty pursuant to a plea agreement. (Docket No. 210). According to the plea agreement, Defendant pleaded guilty to two narcotics crimes, but not to an amount that triggered the mandatory 10 year minimum jail sentence, and now faces a maximum of twenty years' incarceration on each of the crimes to which he pleaded. (Docket No. 207 ¶¶ 1 and 2). Judge Stearns accepted Defendant's plea, remanded Defendant to the custody of the U.S. Marshal, and set sentencing for January 31, 2018. (Docket No. 210).

Following his plea, Defendant filed the instant motion for release on bond pending his January 2018 sentencing. (Docket No. 211).

**Discussion**

A provision of the Bail Reform Act, which is not mentioned or cited by Defendant, disposes of the instant motion. 18 U.S.C. § 3143 addresses release or detention pending sentence. In relevant part, it provides:

> The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless –
>
> > (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
> >
> > (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
> >
> > (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2).

In turn, 18 U.S.C. § 3142(f)(1)(C) references "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act . . . ." Defendant cannot show that his case qualifies for the exception to remand mandated by Section 3143. As the procedural history recounted above shows, as a result of his plea, Defendant has been found guilty of an offense described in subparagraph (C) of section 3142(f)(1), namely, Conspiracy to Possess with Intent to Distribute Cocaine and Attempt to Possess with Intent to Distribute Cocaine. (Docket Nos. 138 and 210). He awaits imposition of sentence and faces up to twenty years' incarceration on each count of conviction. (Docket Nos. 207 and 210). Accordingly, the Court is required to order him detained pending imposition of sentence, unless Defendant satisfies the statutory requirements of Section 3143(a)(2) recited above.

As the United States points out in its opposition, there is no likelihood that a motion for acquittal or a new trial will be granted: Defendant has pleaded guilty. Moreover, in his plea

agreement, Defendant waived his right to challenge his conviction as well as any sentence that does not exceed 108 months' incarceration. (Docket No. 207 ¶ 4). The United States also notes that it is not recommending a non-jail sentence. Rather, the plea agreement commits the Government to recommending a sentence within the advisory sentencing guideline. (Docket No. 207 ¶ 3a). Defendant's base offense level is calculated at thirty, given that he is responsible for five to fifteen kilograms of cocaine. (Docket No. 207 ¶2). Defendant thus cannot establish either of the requisites set forth in Section 3143(a)(2)(A).

While Defendant's failure to meet either prong of Section 3142(a)(2)(A) disposes of the instant motion, even if it did not, the Court could not find by clear and convincing evidence that Defendant is not likely to flee or pose a danger to any other person or the community. See 18 U.S.C. § 3143(a)(2)(B). Defendant poses a significant flight risk, as he faces a substantial jail sentence and then near-certain deportation to the Dominican Republic. Defendant may have family and business ties in Massachusetts; but given that his incarceration will separate Defendant from his family and any business interests for a long time, these contacts provide Defendant little incentive against flight to avoid the inevitable consequences of his guilty plea. I also note that information presented at the original detention hearing in January, before Defendant's guilty plea, bearing on whether Defendant poses an unacceptable risk of flight – such as his use of aliases and possession of a driver's license bearing Defendant's photograph and the fake name Vergilio Rios – undermines a finding by clear and convincing evidence that Defendant is not likely to flee. Rather, as the original Pretrial Service Report indicates in recommending detention, Defendant "has a history of defaults, a history of entering the U.S. illegally, and a history of obtaining false identification [and] then committing criminal acts under those aliases."

The Court also cannot find by clear and convincing evidence that Defendant is not a danger to the community. The evidence at the detention hearing established that Defendant arranged to receive cocaine from an accomplice. After the arranged meeting with the accomplice, agents followed Defendant in the car he was driving, stopped Defendant, and, after the car was towed and searched by agents, recovered from the car a backpack containing six kilograms of cocaine. Further, the evidence showed that far from being dissuaded from drug trafficking by the car stop, after police towed his car with the drugs still inside it, Defendant redoubled his efforts to possess the drugs by orchestrating efforts to intercept the car and recover the narcotics. Failing that, he made telephone calls to recruit someone else to take responsibility for the six kilograms of cocaine. The nature and circumstances of the offense therefore strongly support the presumption in this case that Defendant is a danger to the community.

**Conclusion**

For the foregoing reasons, Defendant's motion is DENIED.[1]

*/s/ David H. Hennessy*
David H. Hennessy
United States Magistrate Judge

---

[1] To the extent Section 3145 authorizes review and appeal of this Order, Defendant is so advised.